**Carmen Gloria SANTOS ESPADA, Plaintiff,**

v.

**Jaime CANCEL LUGO, Defendant.**

**No. Civ. 00–1666(JP).**

United States District Court, D. Puerto Rico.

July 17, 2001.

Ernesto G. López Soltero, López Hernández & López Soltero, Caguas, PR, for plaintiff.

Mirta E. Rodríguez Mora, Montijo & Morales, San Juan, PR, Carlos Martínez Texidor, Martínez Texidor & Fuster, Ponce, PR, for defendant.

### *JUDGMENT*

PIERAS, Senior District Judge.

Plaintiff Carmen Gloria Santos Espada filed the Complaint in the instant case on May 30, 2000, alleging a cause of action for medical malpractice under Article 1802 of the Puerto Rico Civil Code. In the Complaint, Plaintiff contends that Defendant Dr. Jaime Cancel Lugo acted negligently in performing a modified radical mastectomy which included the excision of the axillary contents of 14 lymph nodes. As a result of this operation, Plaintiff alleges that she developed lymphedema. The jury trial of this case commenced on July 16, 2001. On July 16, 2001, the testimony of Plaintiff was presented and, on July 17, 2001, the Court heard the testimony of Plaintiff's expert witness, Dr. Robert De Jager. After Plaintiff rested its case, Defendant moved for dismissal of the action under Rule 50 on the grounds that the cause of action is time-barred and, alternatively, that Plaintiff failed to satisfy its evidentiary burden in its case-in-chief.

■ The Court only addresses Defendant's argument with relation to the statute of limitations, as it finds this issue dispositive. The statute of limitations governing this action is one year, as provided by Article 1868(2) of the Puerto Rico Civil Code, P.R.Laws Ann. tit. 31, § 5298(2). *See Lafont–Rivera v. Soler–Zapata,* 984 F.2d 1, 2 (1st Cir.1993); *Rivera–Muriente v. Agosto–Alicea,* 959 F.2d 349, 353 (1st Cir.1992). A cause of action under article 1802 accrues, and the prescriptive period set by article 1868(2) therefore begins to run, "when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor." *Tokyo Marine & Fire Ins. Co., Ltd. v. Perez & Cia., De Puerto Rico, Inc.,* 142 F.3d 1, 3 (1st Cir.1998) (citing *Colon Prieto v. Geigel,* 115 P.R. Dec. 232, 243, 1984 WL 270950 (1984)). Notice of the injury occurs when there " 'exist some outward or physical signs through which the aggrieved party may become aware and realize that he has suffered an injurious aftereffect, which when known becomes a damage even if at the time its full scope and extent cannot be weighed.' " *Kaiser v. Armstrong World Indus., Inc.,* 872 F.2d 512, 516 (1st Cir. 1989) (quoting *Delgado Rodriguez v. Nazario de Ferrer,* 21 P.R.Offic.Trans. 342, 356, 121 P.R. Dec. 347, 360 (Puerto Rico 1988)); *see also Torres v. E.I. Dupont De Nemours & Co.,* 219 F.3d 13, 18–19 (1st Cir.2000); *Arnold v. Montilla,* 13 F.Supp.2d 229, 232 (D.Puerto Rico 1998). Once a plaintiff is on notice of the injury, she may not "wait for [her] injury to reach its final degree of development and postpone the running of the period of limita-

tion according to [her] subjective appraisal and judgment." *Torres,* 219 F.3d at 19 (quoting *Ortiz v. Municipio de Orocovis,* 113 P.R. Dec. 484, 487 (Puerto Rico 1982)). If a plaintiff brings an action more than one year after the injury took place, "she bears the burden of proving that she lacked the requisite 'knowledge' at the relevant times." *Hodge v. Parke Davis & Co.,* 833 F.2d 6, 7 (1st Cir.1987) (citing *Iluminada Rivera Encarnacion v. Estado Libre Asociado de P.R.,* 13 Offic.Trans. 498, 501, 113 P.R. Dec. 383, 385, 1982 WL 210553 (Puerto Rico 1982)).

■ Here, it is uncontested that the surgery alleged to have caused Plaintiff's lymphedema took place on May 27, 1997, and was performed by Defendant. Plaintiff admitted in her testimony that the swelling in her arm began in July 1997. She further admitted that by November 1997, a physician in the United States, Dr. Cheslock, had told her that she had swelling in her arm and that it looked like lymphedema. Plaintiff testified that in December 1997, she began treatment for lymphedema, including the use of an arm compression band, and that in April or May 1998 she began using bandages and a special compression sleeve with a pump, used to treat lymphedema. She also began performing other lymphedema treatments on a daily basis, including massage and special exercises. In her testimony Plaintiff also admitted that in 1997 she contacted the National Lymphedema Network, and was counseled on precautions she should take for her condition. It is well known that the removal of the axillary lymph nodes in many cases causes lymphedema, a problem whose cause was the subject of all the treatment Plaintiff underwent throughout 1997 and 1998. Thus, as of 1997, or at the latest in 1998, Plaintiff either knew or certainly should have known that she suffered from lymphedema

caused by the extraction of the axillary contents of the lymph nodes. In fact, the evidence admits of no other possibility, and the Court does not understand Plaintiff to argue to the contrary.

Plaintiff's expert witness testified that the excision of the lymph nodes in the May 27, 1997 surgery caused Plaintiff's lymphedema, but that in Plaintiff's case the removal of the lymph nodes was not necessary. When asked about the possible other causes of Plaintiff's lymphedema on cross-examination, Plaintiff's expert emphasized that it was ridiculous to consider that anything else caused the lymphedema. The facts are clear that Plaintiff knew or should have known of the injury and its cause as early as 1997 or 1998, in view of her continuing treatments for lymphedema, and the understanding that it was caused by the removal of the axillary lymph nodes. *See Arnold,* 13 F.Supp.2d at 235. Thus, Plaintiff should have known during the course of her treatment for lymphedema that the excision of the axillary contents of 14 lymph nodes may not have been necessary given the nature of Plaintiff's breast cancer.

Accordingly, the Court finds that the instant cause of action is barred by the statute of limitations, because Plaintiff knew or should have known of the injury and the identity of the potential tortfeasor in 1997 or 1998, yet the Complaint was not filed until May 30, 2000, well over one year later. The Complaint is hereby **DISMISSED WITH PREJUDICE,** and without the imposition of costs or attorneys' fees.

**IT IS SO ORDERED.**