Oscar L. MORALES, et al., Plaintiff,

v.

ST. LUKE'S EPISCOPAL HOSPITAL, et al., Defendant.

No. CIV.02–2088(DRD).

United States District Court, D. Puerto Rico.

July 22, 2004.

Juan R. Rodriguez, Ponce, PR, for Plaintiffs.

Arnaldo Rivera–Seda, Esq., Ponce, PR, Gloria M. De Corral–Hernandez, Esq., San Juan, PR, Anselmo Irizarry–Irizarry, Esq., Ponce, PR, for Defendants.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court is defendants' Motion For Partial Summary Judgment allegedly for failure to timely comply with the Statute of Limitations contemplated in Article 1868(2) of the Puerto Rico Civil Code. (**Docket No. 27**) After referring this matter to Magistrate Judge Camille Velez–Rive, a Report and Recommendation was issued, recommending this Court to grant the motion for Partial Summary Judgment. (**Docket No. 41**) The Magistrate Judge correctly indicated that any objections to the Report and Recommendation must be filed with the Clerk of Court within ten (10) days after being served with a copy thereof. *See Fed.R.Civ.P. 72(b)* and *Local Rule 72(d)*. Plaintiffs did not file a motion challenging the conclusions reached in the Report and Recommendation within the proscribed ten (10) days. "Absent objection by the plaintiffs, [a] district court ha[s] a

right to assume that [a party] agree[s] to the magistrate recommendation." *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985), *cert. denied.* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Additionally, should the party wish to file a motion for leave to file an opposition at a later date, the party must submit said filing within the proscribed time given to file an opposition.. Moreover," [f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992). *See also Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–151 (1st Cir.1994)(holding that objection are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings). After carefully examining the Report and Recommendation, the Court hereby find that Felicia LaFavor's and Oscar Morales' causes of action are to be **DISMISSED** with prejudice.

## I. *MAGISTRATE REPORT AND RECOMMENDATION*

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B)(1993); FED. R.CIV.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. *See Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). Of course, an adversely affected party may contest the Magistrate's report and recommendation by filing its objections within ten (10) days after being served a copy thereof. *See* Local Rule 510.2(A); FED.R.CIV.P. 72(b). Moreover, 28 U.S.C. § 636(b)(1), in pertinent part, provides that

Within ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate.

However, pursuant to FED.R.CIV.P. 72(b), "[a]bsent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir. 1985), *cert. denied,* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985).

As no objections to the Report and Recommendations have been filed in this case, this Court need only satisfy itself that there is **no plain error** on the face of the record in order to accept an **unopposed Report and Recommendation.** *See Douglass v. United Servs. Auto, Ass'n,* 79 F.3d 1415, 1419 (5th Cir.1996)(en banc)(extending the deferential "plain error" standard of review to the unobjected to legal conclusions of the magistrate judge); *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir.1982)(en banc)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); *Nogueras–Cartagena v. United States,* 172 F.Supp.2d 296, 305 (D.P.R.2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); *Garcia v. I.N.S.,* 733 F.Supp. 1554, 1555 (M.D.Pa.1990)("when no objections are filed, the district court need only review the record for plain error").

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Oscar L. Morales and Felicia LaFavor filed their complaint on July 17th, 2002 which was subsequently amended on December 10th, 2003 pursuant to 28 U.S.C. § 1332(a)(1), (c), and (d) and Article 1802 of the Puerto Rico's Civil Code. 31 P.R. Laws. Ann. § 5141. The plaintiffs bring three causes of action: (1) Injuries inflicted on the minor represented by plaintiff resulting from the actions by the defendants, (2) emotional distress on behalf of plaintiffs from injuries to their minor child, (3) emotional distress on behalf of minor's sister from injuries from her brother. The defendants are Saint Luke's Episcopal Hospital (herein referred to as 'Hospital') and Dr. José Luis Ortiz González. The complaint was also directed at Sindicato de Aseguradores De Impericia Medica, American International Insurance Company, John Doe and Richard Doe. The American International Insurance Company was voluntarily dismissed with prejudice from the case by all parties involved due to lack of privity with Saint Luke's Episcopal Hospital. (Docket No. 16) The facts are as follows: On June 21, 1999, plaintiffs' child was born prematurely by emergency cesarean section at defendant Hospital. The defendant Hospital discharged this child on July 18, 1999 without providing eye tests or giving referrals to an ophthalmologist. The defendant Hospital and it's employee, Dr. José Luis Ortiz González, informed the plaintiffs that their child was in perfect health and was permitted to travel overseas to Costa Rica with the plaintiffs. (Docket Nos. 1, 26) In August of that year, a doctor in Costa Rica evaluated their child and diagnosed the child as having an advanced degree of ROP[1] and subsequently recommended to the plaintiff to see a retina specialist. The plaintiffs then traveled to Virginia in the United States and had emergency eye surgery performed on their child a month later. The child nevertheless lost his vision in one eye and had partial blindness in the other. The plaintiffs alleged negligence on the part of the defendant Hospital and sued for pain and suffering as a result of the incurred injury.

The defendants Hospital, et al, filed a motion for Partial Summary Judgment stating that the applicable statute of limitations barred the plaintiffs as parents from stating their claim of action. This motion was filed on February 20, 2004. (Docket No. 28) A belated response in opposition to this motion was filed on May 9, 2004 after the time allotted by Rule 56 of the Federal Rules of Civil Procedure has expired. (Docket Nos. 39, 40) The Court duly ruled that the opposition for summary judgment was considered waived. (Docket No. 36)

This matter was referred to Magistrate Judge Camille L. Velez–Rive for a Report and Recommendation and was filed on May 10, 2004. (Docket No. 41) The Magistrate Judge recommended that this Court grant the motion for Partial Summary Judgment. Since no objections will be considered, this court will grant the motion for Summary Judgment on satisfaction that the report on its face contains no plain error.

## III. MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). Pursuant to the lan-

---

1. A condition described as Retinopathy of Prematurity

guage of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," *and* that he is "entitled to judgment as a matter of law." *Vega–Rodriguez v. Puerto Rico Tel. Co.*, 110 F.3d 174, 178 (1st Cir.1997). After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." *Cortes–Irizarry v. Corporacion Insular*, 111 F.3d 184, 187 (1st Cir.1997). A fact will deemed "material" if it potentially could affect the outcome of the suit. *Id.* Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id.*

At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood..." *Greenburg v. Puerto Rico Maritime Shipping Auth.*, 835 F.2d 932, 936 (1st Cir.1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." *Cadle Co. v. Hayes*, 116 F.3d 957, 960 (1st Cir.1997).

In the case at bar, the defendants have satisfied the two-pronged test. The defendants showed that the material facts were not at issue and that they were entitled to the judgment as a matter of law.

## IV. *ANALYSIS*

The P.R. Statute of Limitations for claims filed, pursuant to Art. 1802 of P.R. Civil Code, starts to run at the time the plaintiff has knowledge or should have knowledge of the injury incurred by defendants. *Santos Espada v. Cancel Lugo*, 165 F.Supp.2d 76 (D.P.R.2001) (quoting *Tokyo Marine & Fire Ins. Co., Ltd. v. Perez & Cia., De Puerto Rico. Inc.* 142 F.3d 1, 3 (1st Cir.1998)) The circumstances under which the Statute of Limitations may be tolled are specified under Title 31 of the L.P.R.Ann. § 5303. (the statute of limitations are tolled "by institutions before the court [sic], by extrajudicial claim of the creditor, and by any act if acknowledgment of the debt by the debtor.") As the Magistrate Judge noted in the Report and Recommendation, none of these circumstances occurred in the case at bar. The Magistrate Judge correctly stated that the plaintiff was aware of their child's injury on August 13, 1999 when their physician diagnosed their child with Grade I demarcation in the retina. (**Docket Nos. 1, 26, 41**) As such, the Statute of Limitations had run its course by August 13, 2000. The complaint was filed on July 16, 2002, nearly two years after the Statute of Limitation has expired.[2]

The Magistrate Judge duly noted that should the Statute of Limitations start to run on the day the plaintiffs discovered they had a cause of action against the defendants, the plaintiffs would still be time-barred as they were notified by their

---

**2.** However, the Statute of Limitations does not start to run for the child and his sister in question. The child and his sister can bring a claim of damages against said defendants starting from their 21st birthday. *See* Art. 1802 of P.R. Civil Code

lawyer of their cause of action on January 21, 2001. Even in considering the belated response in opposition for the motion for summary judgment, the Magistrate Judge correctly stated:

> In the opposition, plaintiffs claim that they acquired knowledge of the negligent action when their expert witness rendered a report to their attorneys on June 19, 2002. Plaintiffs' attempt to rely on this theory is without merit. This District Court has ruled that a plaintiff has knowledge of an infant's injury triggering the limitation statute for medical malpractice, **no later** than the date plaintiff retained a lawyer regardless of a delay in obtaining medical record or obtained report from her attorneys' retained expert (citation omitted) Accordingly, for statute of limitation purposes, the cause of action accrues and the one year starts to run **no later** than the date plaintiff retained counsel (January 21, 2001 in this case) regardless of when the expert report was obtained. Therefore, plaintiffs' cause of action would also be time-barred. **(Docket No. 41)**

This Court agrees with the Magistrate's determination and find that the statute of limitation has indeed run its course on the plaintiffs and therefore bars the plaintiff from issuing a claim of action against the defendants.

3. The Court will refrain from issuing a partial judgment at this time. The First Circuit strongly disfavors partial judgments as they foster piecemeal appeals. *See Nichols v. Cadle Co.*, 101 F.3d 1448, 1449 (1st Cir.1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); *Zayas–Green v. Casaine*, 906 F.2d 18, 21 (1st Cir.1990) ("This final judgment rule ... furthers 'the strong congressional policy against

## V. CONCLUSION

This Court does not ascertain any "plain error" when reviewing the Magistrate Judge's Report and Recommendation. The Court need not go further, for "where, as here, a [Magistrate] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate." *Vargas–Ruiz v. Golden Arch Development, Inc.*, 368 F.3d 1 (1st Cir.2004); *In re San Juan Dupont Plaza Hotel Fire Litig.*, 989 F.2d 36, 38 (1st Cir.1993). The Court **ADOPTS** *in toto* the Magistrate's Report and Recommendation. Therefore plaintiffs Oscar Morales and Felicia LaFavor claims are hereby **DISMISSED** with prejudice under the law as stated in 31 L.P.R.Ann. § 5298 and finds no equitable tolling of the Statute as specified in § 5303 of said title.[3]

**IT IS SO ORDERED**

## REPORT AND RECOMMENDATION

VELEZ–RIVE, United States Magistrate Judge.

### INTRODUCTION

Codefendants Saint Luke's Episcopal Hospital and Dr. José Luis Ortiz González filed on February 20, 2004 a Motion for Partial Summary Judgment, together with the Statement of Uncontested Material Facts and exhibits attached thereto **(Docket No. 27)**. The presiding judge, Hon.

piecemeal review.'" *Id.* (*quoting In re Continental Investment Corp.*, 637 F.2d 1, 3 (1st Cir.1980)); *Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority*, 888 F.2d 180, 183 (1st Cir.1989); *Consolidated Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 325 (1st Cir.1988); *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 43 (1st Cir.1988); *Santa Maria v. Owens–Ill., Inc.*, 808 F.2d 848, 854 (1st Cir.1986)); *see also United States v. Nixon*, 418 U.S. 683, 690, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).

Daniel R. Domínguez, issued an order on May 4, 2004, indicating that plaintiffs' extension of time to file their reply to the motion for summary judgment (**Docket No. 32**) had long expired, for which oppositions to the Motion for Summary Judgment were deemed waived (**Docket No. 35**).

On May 7, 2004, plaintiffs filed a belated opposition to summary judgment, without statement of uncontested facts or attachments, except for a leave to file same later and an extension of time to file exhibits to the opposition. (**Docket No. 39 and 40**).

The court has referred to this Magistrate Judge the above and all related and pending motions for report and recommendation (**Docket No. 36**).

### BACKGROUND

Plaintiffs Oscar L. Morales and Felicia LaFavor Morales filed their amended complaint, which relates back to the original complaint filed on July 17, 2002, on their own and as representatives of their conjugal partnership, and in representation of their two minor children (**Docket No. 1, 26**). Plaintiffs made their claim, under diversity jurisdiction, pursuant to Article 1802 of the Civil Code of Puerto Rico, alleging medical malpractice incurred by codefendants Saint Luke's Episcopal Hospital and Dr. José Luis Ortiz González, among others, when on June 21, 1999, their youngest child was born premature through emergency cesarean section. The child was discharged from the defendant Hospital Saint Luke on July 18, 1999, and was never provided any eye test or referred to an ophthalmologist after discharge. At discharge, plaintiffs were informed that the child was in perfect health and thus, allowed to travel with his mother overseas to Costa Rica. Two weeks after arriving to Costa Rica, the child was evaluated and discovered to have an advanced degree of ROP[1] and was referred to a retina specialist. Plaintiffs and child traveled to the United States, state of Virginia, and underwent an emergency eye surgery a month later. Notwithstanding surgical intervention, the child has loss vision of one eye and partial loss of the other eye.

Defendants Saint Luke's Hospital and Dr. José Luis Ortiz González submit that the above claim of coplaintiffs Oscar L. Morales, Felicia Lafavor Morales and their conjugal partnership is barred by the applicable statute of limitations and partial summary judgment should be entered.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). *Pagano v. Frank,* 983 F.2d 343, 347 (1st Cir.1993); *Lipsett v. Univ. of P.R.,* 864 F.2d 881, 894 (1st Cir.1988); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The fact that a plaintiff fails to file a timely opposition does not, by itself, require that the summary judgment be affirmed as to defendants. *See Mendez v. Banco Popular de Puerto Rico,* 900 F.2d 4, 7 (1st Cir.1990). Opposed or not, summary judgment can only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *see also* Fed.R.Civ.P. 56(e). *Carmona v. Toledo,* 215 F.3d 124, 134 (1st Cir.2000) (if adverse party fails to respond, "summary judgment, if appropriate, shall be entered").

---

1. A condition described as retinopathy of prematurity right occiput posterior.

However, when from the face of the complaint the statute of limitations becomes an issue, plaintiffs, non-movant herein, would have the burden to show under the above predicament that either tolling ensues as to their claim or that they lacked sufficient knowledge of same. *Fragoso v. Lopez*, 991 F.2d 878, 887 (1st Cir. 1993) (burden of proof to show lack of knowledge is on the plaintiff who sues more than one year after the event); *Hodge v. Parke Davis & Co.*, 833 F.2d 6, 7 (1st Cir.1987); *Villarini–Garcia v. Hospital Del Maestro, Inc.*, 8 F.3d 81, 87 (1st Cir.1993).

In *Ramsdell v. Bowles*, 64 F.3d 5 (1st Cir.1995), the Court of Appeals for the First Circuit found that striking plaintiff's untimely response to defendant's motion for summary judgment was not abuse of discretion; and that on reconsideration, the Magistrate Judge considered each of relevant factors applicable when ruling on motion for reconsideration of dismissal order entered due to failure to file timely opposition to motion, and no prejudice was shown as result of striking opposition to motion.

Plaintiffs filed a belated opposition to summary judgment, without statement of uncontested facts or attachments, except for a leave to file same later and an extension to file exhibits to the opposition. **(Docket No. 39, 40)**. Before the filing of the opposition, the Court had already ruled that the opposition to the motion for summary judgment was considered waived. **(Docket No. 36)**. Accordingly, plaintiffs' opposition is not to be considered and the extension requested is denied since the Court already deemed the issues waived and the time to file had long expired.

Additionally, plaintiffs have also failed to comply with Local Rule 7.1, as amended on April 2, 2004, and formerly Rule 7(b). Hence, "[t]he consequence ... of failing to

comply with the rule is that the party may lose the right to file an opposition," *Mullen v. St. Paul Fire & Marine Ins. Co.*, 972 F.2d 446, 451–52 (1st Cir.1992), although the court is still obliged to consider whether, in light of the record, the motion should be granted according to the appropriate legal standard. See *Id.* at 452 (discussing unopposed motion for summary judgment).

## LEGAL ANALYSIS

■ Under Puerto Rico law, an action for damages for negligence must be commenced within one year of its accrual. 31 P.R. Laws Ann. § 5298(2). The Puerto Rico Supreme Court has interpreted this provision as incorporating a discovery rule. *Villarini–Garcia v. Hospital Del Maestro, Inc.*, 8 F.3d 81, 84 (1st Cir.1993). Thus, a claim accrues, and the one year period starts to run, not at the time of the injury, but upon the discovery by the injured party of the injury and of its author. *Espada v. Lugo*, 312 F.3d 1, 5 (1st Cir.2002)(*citing Tokyo Marine & Fire Ins. Co. v. Perez v Cia., De Puerto Rico, Inc.*, 142 F.3d 1, 3 (1st Cir.1998)).

Title 31 of the Laws of Puerto Rico Annotated, § 5298, provides that:

> The following prescribe in one year: ... Actions to demand civil liability for grave insults of calumny, and for obligations arising from fault or negligence ... from the time the aggrieved person had knowledge thereof. Art. 1868 (1930).

The one-year statutory period may be tolled under appropriate circumstances. 31 P.R. Laws Ann. § 5303 ("Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor.").

None of these circumstances may be ascertained from the basis of a bare com-

plaint and an unopposed summary judgment motion, and if anything, there is uncontested evidence submitted by defendants with their partial summary judgment that the complaint would be time-barred as to coplaintiffs and their community property, although not as to the minor plaintiffs. *Gonzalez–Perez v. Hospital Interamericano De Medicina Avanzada*, 355 F.3d 1, 2 (1st Cir.2004).

Codefendants submitted with their summary judgment uncontroverted statement of facts that shows:

1. After the infant's discharge from Saint Lukes Hospital on July 18, 1999, he traveled with his family to Costa Rica and arrived on August 4, 1999. (Deposition testimony of plaintiff Oscar L. Morales, p. 35).

2. The infant was treated by a pediatrician in Costa Rica somewhere around August 7–9, of 1999, and a pediatric ophthalmologist was recommended. (Deposition testimony of plaintiff Felicia M. LaFavor, p. 26–27).

3. On August 13, 1999, the pediatric ophthalmologist found a grade I demarcation in the retina.

4. On September 19, 1999, the pediatrician found a grade III malignant retinography.

5. On October 11, 1999, a retina specialist saw the infant and recommended surgery.

6. On November 10, 1999, the infant underwent eye surgery in the state of Virginia.

In addition, plaintiff LaFavor's indicated during her deposition that she felt very upset from the time the infant was diagnosed as suffering from ROP and that he would probably loose vision in the eye.

Moreover, there are diagnostic letters by the ophthalmology pediatrician as to the examination of August 13, 1999 and up to September 19, 1999.

Furthermore, plaintiffs contacted through letter of January 21, 2001, for legal representation of Atty. Cabrera, the same counsel who subsequently filed the complaint, including evidence of the infant's medical evaluations and eye surgery.

Plaintiffs' claim in this case accrued not at the time of the injury but when co-plaintiffs discovered the injury to their child and who committed it. *Villarini–Garcia*, 8 F.3d at 84. Pursuant to the uncontested facts, the discovery of the child's injury took place on August 13, 1999 when the pediatrician of the child in Costa Rica found a grade I demarcation in the retina. It was at this time, that co-plaintiffs acquired knowledge of the injury. Therefore, co-plaintiff's cause of action accrued a year after that, to wit on August 13, 2000. Nonetheless, plaintiffs failed to timely file their complaint.[2]

█ The complaint herein was filed on July 17, 2002, when the one-year period had already long expired. Once plaintiffs acquire knowledge of the fact of his injury, a mistake of law as to the time of its accrual should not be allowed to resurrect a time-barred cause of action. *United States v. Kubrick*, 444 U.S. 111, 122, 100 S.Ct. 352, 359, 62 L.Ed.2d 259 (1979) (in medical malpractice case, so long as the plaintiff is aware of "the critical facts that he has been hurt and who has inflicted the injury," the statute of limitations is triggered). *See* Sheldon Nahmod, Civil Rights and Civil Liberties Litigation: The Law of Section 1983, § 9.04 at 253 (*commenting* that the medical malpractice discovery accrual rule "is also the rule in § 1983

**2.** For the sake of the argument, even if we take the day of the surgery (November 10, 1999) as the accrual date, the cause of action would still be time barred.

cases"). *See also Rivera–Muriente v. Agosto–Alicea,* 959 F.2d 349, 354 (1st Cir. 1992).

It could be argued that plaintiffs acquired knowledge of their cause of action when they contacted their attorney for the first time. Nonetheless, it seems unlikely that plaintiffs Oscar L. Morales and Felicia M. LaFavor, and consequently their conjugal partnership, were unaware of their cause of action at the time they addressed their attorney by letter on January 21, 2001 with an intent to pursue their claims legally. Even in this scenario, their cause of action would be time-barred. Plaintiffs' counsel did not file the claim within one year from such date (January 21, 2001), but filed the same on July 17, 2002, clearly outside of the limitation period. See *Lopez v. Citibank, N.A.,* 808 F.2d 905, 907 (1st Cir.1987).

As previously indicated, plaintiffs' belated opposition to summary judgment will not be considered and the extension requested is denied since the Court already deemed the issues waived and the time to file had long expired (**Docket No. 39, 40**). Nonetheless, even if the opposition would be considered, plaintiffs would not prevail. In the opposition, plaintiffs claim that they acquired knowledge of the negligent action when their expert witness rendered a report to their attorneys on June 19, 2002. Plaintiffs' attempt to rely on this theory is without merit. This District Court has ruled that a plaintiff has knowledge of an infant's injury, triggering the limitation statute for medical malpractice, **no later** than the date plaintiff retained a lawyer regardless of a delay in obtaining medical records or obtained report from her attorneys' retained expert. *Reyes Santana v. Hospital Ryder Memorial, Inc.,* 130 F.Supp 2d 270 (D.Puerto Rico 2001). Accordingly, for statute of limitation purposes, the cause of action accrues and the one year starts to run **no later** than the

date plaintiff retained counsel (January 21, 2001 in this case) regardless of when the expert report was obtained. Therefore, plaintiffs' cause of action would also be time-barred under this theory.

Finally, plaintiffs have alleged no specific facts that would show that the one-year statutory period was tolled in this case. 31 P.R. Laws Ann. § 5303. Thus, there are no grounds for equitable tolling in this case.

Considering the above discussed, it is recommended that codefendants' Motion for Summary Judgment **BE GRANTED.**

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986). See *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

IT IS SO ORDERED.

May 10, 2004.