**Luz Haidee CINTRON–RIVERA, et al., Plaintiffs**

v.

**BORDERS GROUP, INC., et al., Defendants.**

**Civil No. 05–1956 (FAB).**

United States District Court, D. Puerto Rico.

Nov. 21, 2006.

Maria C. Mulero–Fernandez, San Juan, PR, for Plaintiffs.

Ramon H. Vargas, Vargas & Vargas Law Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

BESOSA, District Judge.

On April 24, 2006, defendants Borders Group, Inc. and Liberty Mutual Insurance Company, moved for Partial Summary Judgment to dismiss plaintiffs Miguel Ángel Ramos Sánchez, the conjugal partnership between him and Luz Haidée Cintrón Rivera, José Rosa Cintrón Rivera, Carmen María Rivera and their conjugal partnership, Carlos Javier Cintrón Rivera and Ángel Luis Cintrón Rivera's claims for damages under Puerto Rico General Tort Statute, Article 1802 of the Civil Code, P.R. Laws Ann. tit. 31 § 5141 (Docket No. 7). Defendants argue that those plaintiffs' claims are time-barred because they were filed after the one-year statute of limitations for tort actions set forth in Article 1868 of the Civil Code had run. P.R. Laws Ann. tit. 31 § 5298. On May 13, 2006, the Court (Domínguez, J.) issued an order indicating that plaintiffs' time to file their reply to the motion for summary judgment had long expired, for which oppositions to the motion were deemed waived (Docket No. 9). For the reasons discussed below, the Court **GRANTS IN PART AND DENIES IN PART** defendants' request for partial summary request.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

On April 5, 2005, Luz Haidée Cintrón–Rivera ("Luz Haidée") filed a complaint against Borders Group, Inc. and Liberty Mutual Insurance Company (collectively

---

1. The relevant facts are taken from defendants' statement of uncontroverted facts (Docket No. 7) inasmuch as they are undisputed by plaintiffs and are deemed admitted. Local Civ. Rule 56(e); *See* also *Cosme–Rosado v. Serrano-Rodriguez,* 360 F.3d 42 (1st Cir. 2004); *Segarra Jiménez v. Banco Popular, Inc.,* 421 F.Supp.2d 452, 455–456 (D.P.R. 2006).

"defendants").[2] Luz Haidée's claims for damages stem from a fall she allegedly suffered when she visited the Borders Store located at Plaza Las Américas Shopping Center on April 5, 2004.[3] Luz Haidée was the only plaintiff in that complaint.

On August 8, 2005, Luz Haidée filed an amended complaint to add her husband and their conjugal partnership, her parents and their conjugal partnership and her two brothers as additional plaintiffs. Regarding her two brothers, who allegedly are both disabled and diagnosed with schizophrenia, she claimed that as a result of the fall, she was unable to care for them and had to make arrangements for their care and custody.[4]

On September 7, 2005 the Court entered Judgment dismissing the first complaint filed by Luz Haidée (No. 05–1371), without prejudice, for failure to serve process within the 120 days provided by Rule 4(m) of the Federal Rules of Civil Procedure. The next day, that is, on September 8, 2005, Luz Haidée, her husband Miguel Ángel Ramos–Sánchez, their conjugal partnership, her parents José Rosa Cintrón–Rivera and Carmen María Rivera and their legal conjugal partnership, her brothers Carlos Javier Cintrón–Rivera and Ángel Luis Cintrón–Rivera filed this complaint which is virtually identical to the previous one filed by Luz Haidée.

## DISCUSSION

### A. *Summary Judgment Standard*

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *See also, Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52. (1st Cir.2000); *Morales, et al. v. St. Luke's Episcopal Hospital, et al.*, 328 F.Supp.2d 192, 195–196 (D.P.R.2004). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion for summary judgment has been presented to the court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suárez v. Pueblo Int'l, Inc.*, 229 F.3d 49 (1st Cir.2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is necessary that

---

**2.** This case was filed as Civil No. 05–1371.

**3.** Specifically plaintiff alleged that she "tripped over a wooden step and rolled over, hurting different parts of her body." *See,* Docket No. 1, 9.

**4.** *See,* Docket No. 6, 22, 44.

"a party opposing summary judgment must present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodríguez*, 23 F.3d 576, 581 (1st Cir.1994).

■ The fact that a plaintiff fails to file a timely opposition does not, however, by itself, require that the summary judgment be granted in favor of the moving party. *See Méndez v. Banco Popular de Puerto Rico*, 900 F.2d 4, 7 (1st Cir.1990). Opposed or not, summary judgment can only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". · Fed.R.Civ.P. 56(c); *See* also, Fed.R.Civ.P. 56(e) and *Carmona v. Toledo*, 215 F.3d 124, 134 (1st Cir.2000) (if adverse party fails to respond, "summary judgment, if appropriate, shall be entered.")

■ In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

*B. Defendants' motion for partial summary judgment*

■ Because in this diversity tort action the statute of limitations is substantive law, Puerto Rico law controls the inquiry as to whether this complaint is time-barred. *See, e.g., Erie v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Daigle v. Maine Medical Center*, 14 F.3d 684, 689 (1st Cir.1994); *Bado–Santana v. Ford Motor Company*, 283

F.Supp.2d 520, 526 (D.P.R.2003). The Civil Code provides that the statute of limitations on actions for obligations arising from fault or negligence runs for one year from the moment the aggrieved person has knowledge of the injury and who caused it P.R. Laws Ann. tit. 31 § 5298. *See also Espada v. Lugo*, 312 F.3d 1, 5 (1st Cir.2002); *Morales v. St. Luke's Episcopal Hospital*, 328 F.Supp.2d 192, 200 (D.P.R. 2004). Pursuant to Article 1873 of the Civil Code, the one year term may be tolled "by [the] institution [of an action] before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor". P.R. Laws Ann. tit. 31 § 5303.

■ Although the general rule is that rights and actions shall extinguish by prescription, P.R. Laws Ann. tit. 31 § 5243, and that the prescription runs against all types of persons, there are exceptions. In the case of minors or disabled persons, the statute of limitations is tolled while their minority of age or disability lasts. *See Cintrón v. Estado Libre Asociado de P.R.*, 127 D.P.R. 582, 589 (1990); *Márquez v. Tribunal Superior*, 85 P.R. Dec. 559, 562–563 (1962).

In this case, plaintiffs are seeking compensation for damages which allegedly resulted from a fall that occurred on April 5, 2004. As it appears from the statement of uncontroverted facts, Plaintiff Luz Haidée initially brought an action as the sole plaintiff on April 5, 2005. An amended complaint was filed on August 8, 2005, for the first time raising claims of seven additional plaintiffs. That first complaint filed by Luz Haidée was never served on defendants and was later dismissed for failure to serve process. It is defendants' contention that the other seven plaintiffs (other than Luz Haidée) failed to bring any action against Borders, Inc., whether judicially or

extra-judicially, until the filing of the Amended Complaint in the eventually dismissed action, on August 8, 2005, that is one year, 4 months and 3 days after the accident generating their alleged damages. Therefore, defendants argue, on that day the claims of those seven plaintiffs were already time-barred by operation of Article 1868, P.R. Laws. tit. 31 § 5298. The Court agrees.

■ After a thorough review of the record, it appears clear that, except for Luz Haidée, all other plaintiffs failed to take any action to toll the statute of limitations on their claims on or before the one-year period which expired on April 5, 2005. None of the exceptions provided for in article 1873 for the tolling of the one-year statutory period can be ascertained from the complaint or the unopposed motion for partial summary judgment. If anything, there is uncontested evidence that the complaint is time-barred as to some of those seven plaintiffs. Thus, claims filed by Miguel Ángel Ramos Sánchez, the conjugal partnership between him and Luz Haidée Cintrón Rivera, José Rosa Cintrón Rivera, Carmen María Rivera and their conjugal partnership are time-barred because they did not file the Amended Complaint until after the expiration of the one-year statute of limitations and they did not take any action to toll the running of the statute. *Cintrón,* 127 P.R. Dec. at 589; *Márquez,* 85 P.R. Dec. at 562–563.

That is not, however, the case for plaintiffs Carlos Javier Cintrón–Rivera and Angel Luis Cintrón–Rivera, Luz Haidée's brothers. As alleged in the Amended Complaint, they are both disabled and have been diagnosed with schizophrenia, which may make them incompetent persons lacking legal capacity to sue. If that is true, the statute of limitations does not run while they remain incompetent.

Therefore, their claims may not be time-barred.

Nonetheless, the record shows that, as required by law for persons lacking legal capacity, the brothers did not appear represented by their legal guardian, guardian ad litem, next friend or any other appropriate representative. *See* Fed.R.Civ. P.17(c) and Moore's Federal Practice, § 17.21[3][a] at 17–94 (3d ed.2006). In order to protect their interests adequately, and pursuant to Fed.R.Civ.P. 17(c), however, plaintiffs Carlos Javier and Ángel Luis Cintrón Rivera shall, no later than **December 8, 2006,** appear represented by their legal guardian or next friend.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** defendants' motion for partial summary judgment. The claims of plaintiffs Miguel Ángel Ramos Sánchez, the conjugal partnership between him and Luz Haidée Cintrón Rivera, José Rosa Cintrón Rivera, Carmen María Rivera and their conjugal partnership claims are hereby **dismissed with prejudice.** Plaintiffs Carlos Javier and Ángel Luis Cintrón Rivera shall, no later than **December 8, 2006** appear represented by their legal guardian or next friend. There being no just reason for delay, the Court will enter partial judgment pursuant to Fed.R.Civ.P. 54(b).

**IT IS SO ORDERED**