**DIAZ AVIATION CORPORATION, et al., Plaintiffs,**

**v.**

**Ariel ALVAREZ, et al., Defendants.**

**Civil No. 06–2102 (FAB).**

United States District Court, D. Puerto Rico.

June 5, 2008.

---

Sixto Manuel Diaz–Saldana, San Juan, PR, for Plaintiffs.

Lisa E. Bhatia–Gautier, United States Attorneys Office, District of Puerto Rico, San Juan, PR, PHV Raymond Veatch, Of-

fice of the Regional Counsel, Atlanta, GA, for Defendants.

### OPINION AND ORDER

FRANCISCO A. BESOSA, District Judge.

On May 21, 2007, plaintiffs Sixto Diaz–Saldaña and Diaz Aviation Corporation filed an amended complaint against Ariel Alvarez, Eliezer Nieves, and other unnamed defendants in their individual capacities, the Federal Aviation Administration ("FAA"), and the United States of America pursuant to 42 U.S.C. § 1983. Plaintiffs allege, in essence, a violation of their Fifth and Fourteenth Amendment rights, redressable under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). (Docket No. 22) On April 5, 2008, defendants moved for summary judgment to dismiss plaintiffs' claims. (Docket No. 34) On May 9, 2008, plaintiffs opposed defendants' request. On May 16, 2008 defendant filed a reply. (Docket No. 36)

For the reasons stated below, defendants' motion for summary judgment is **GRANTED.**

### I. Factual Background[1]

■ Diaz–Saldaña is the owner and chief pilot of Diaz Aviation Corporation ("DAC"). Sometime in 2005, defendant

---

1. Although plaintiffs filed a document titled "Memorandum in Opposition to Defendants' Motion for Summary Judgment filed by PHV Raymond Veatch", they failed to comply with Rule 56(c). Instead of admitting or denying defendants' statement of facts, they brought forth new allegations without citing to the record. Therefore, the court will treat defendants' statement of facts as uncontested. *See* Fed.R.Civ.P. 56(e)(2); Local Civ.Rule 56(c) ("Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted [...] The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment."); *Mariani–Colon v. Dept. of Homeland Security ex rel. Chertoff*, 511 F.3d 216, 219 (1st Cir.2007)("If the party opposing summary judgment fails to comply with Local Rule 56(c), the rule permits the district court to treat the moving party's statement of facts as uncontested.")

Alvarez, Principal Operations Inspector of the FAA in the Caribbean Office, notified Diaz–Saldaña that he was required to update his operations and training manuals. Diaz–Saldaña then hired Omar Sharif Sahra to perform the revisions necessary to update the training manual. After Sahra revised and updated the manual, he sent DAC's revised version of the manual to Alvarez, who later approved it on May 19, 2005. (Docket No. 22, Exhibit I, letter from Ariel Alvarez, dated March 21, 2006)

On February 12, 2006, Diaz–Saldaña told Alvarez that he did not agree with the revised manual Sahra sent to the FAA and that he wanted to withdraw it and continue using his unrevised manual (which he claimed met the requirements of the Federal Aviation Regulations ("FARs")). (*Id.,* Exhibit I, letter from Diaz–Saldaña dated February 12, 2006)

On March 21, 2006, Alvarez notified Diaz–Saldaña that the FAA had rescinded its letter of approval of DAC's training manual. In the same letter, Alvarez informed Diaz–Saldaña that the training manual he wanted to use had received initial approval, but not final approval. He further informed Diaz–Saldaña that the initial approval expired in 1989 and that he had failed to update the manual and correct the deficiencies contained in it. (Docket No. 22, Exhibit I, letter from Ariel Alvarez dated March 21, 2006)

On July 25, 2006, Alvarez informed Diaz–Saldaña that he failed to comply with the requirements of the FARs for the operation of his airline and that he was required to notify the FAA if he planned to resume his airline's operations so that a full inspection could be performed. Diaz–Saldaña was also made aware that his training manual still remained outdated and that as a result, he did not have an approved training program. (Docket No.

22, Exhibit I, letter from Ariel Alvarez, dated July 26, 2006)

Diaz–Saldaña challenged these findings, alleging that his manual did in fact meet the requirements set out in the FARs and remained approved by the FAA. (Docket No. 22, Exhibit I, letter from Diaz–Saldaña, dated August 21, 2006)

On October 16, 2006, Alvarez notified Diaz–Saldaña that, as of that date, he still did not have an approved training manual or chief pilot. As a result, Alvarez determined that any operations by DAC would violate the FARs. (Docket No. 22, Exhibit II, letter from Ariel Alvarez, dated October 16, 2006) On the same day, Diaz–Saldaña informed Alvarez of his intent to resume operations, requested the necessary inspections to continue flying, and again reiterated that his manuals met the regulation requirements. (Docket No. 22, Exhibit II, letter from Mr. Diaz–Saldana, dated October 16, 2006)

On February 12, 2007, DAC's air carrier certificate was suspended by the FAA. Diaz–Saldaña appealed the FAA's Emergency Order of Suspension before an Administrative Law Judge ("ALJ") who sustained the Order on August 2, 2007. Diaz–Saldaña subsequently appealed the ALJ's decision to the National Transportation Safety Board (NTSB), which affirmed the ALJ's decision on December 4, 2007. (Docket No. 34, Defendants' Statements of Material Facts, ¶ 2.)

## II. Discussion

### A. Summary Judgment Standard

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in its pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *See also, Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir.2000); *Morales, et al. v. St. Luke's Episcopal Hospital, et al.*, 328 F.Supp.2d 192, 195–196 (D.P.R.2004). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion for summary judgment has been presented, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suárez v. Pueblo Int'l, Inc.*, 229 F.3d 49 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "A party opposing summary judgment must present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodríguez*, 23 F.3d 576, 581 (1st Cir.1994). In making this assessment, the court "must view the entire record in the light most hospitable

to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). "Mere allegations, or conjecture unsupported in the record, are insufficient to raise a genuine issue of material fact." *August v. Offices Unlimited, Inc.*, 981 F.2d 576, 580 (1st Cir.1992). The court may safely ignore, however, "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

### B. Exclusive Jurisdiction–49 U.S.C. § 46110

Section 46110(a) of the Federal Aviation Act ("FedAA") states, in pertinent part, that "a person disclosing a substantial interest in an order issued by the ... Administrator of the Federal Aviation Administration under [United States Code, Title 49, Subtitle VII, Part A] may apply for review of the order by filing a petition for review in ... the court of appeals of the United States for the circuit in which the person resides or has its principal place of business." 49 U.S.C. § 46110(a).

■ The FedAA further provides that the courts of appeals have "exclusive jurisdiction to affirm, amend, modify, or set aside" orders of the NTSB or the FAA. 49 U.S.C. § 46110(c); see also *Merritt v. Shuttle, Inc.*, 187 F.3d 263, 270 (2nd Cir. 1999) (*Merritt I*). The courts of appeals also have exclusive jurisdiction over claims that are "inescapably intertwined" with the review of such orders. *Merritt v. Shuttle, Inc.*, 245 F.3d 182, 188 (2nd Cir.2001) (*Merritt II*). Nevertheless, "a district court has subject matter jurisdiction over broad constitutional challenges to FAA practices." *Mace v. Skinner*, 34 F.3d 854, 859–60 (9th Cir.1994)

To decide whether a district court has subject matter jurisdiction over the claim, it must first determine whether the claim is "inescapably intertwined" with a review of the administrative order, or whether it raises broad constitutional challenges which do not require a review of the procedures and merits of the order. If the claim is "inescapably intertwined" with the review of such an order, then the district court does not have jurisdiction over the claim. *Merritt II*, 245 F.3d at 187; *Breen v. Peters*, 474 F.Supp.2d. 1, 4 (D.D.C.2007).

■ A claim is "inescapably intertwined" with the review of an administrative order "if it alleges that the plaintiff was injured by such an order and that the court of appeals has authority to hear the claim on direct review of the agency order." *Breen*, 474 F.Supp.2d at 4 (*quoting Merritt II*, 245 F.3d at 187). The courts have consistently held claims to be "inescapably intertwined" with a review of administrative orders when the plaintiff challenges the procedures and merits of the order. *Green v. TSA*, 351 F.Supp.2d 1119, 1127 (W.D.Wash.2005). Cases involving broad constitutional challenges involve claims that are severable from these administrative orders. *See e.g. Mace v. Skinner*, 34 F.3d 854 (9th Cir.1994) For example, in *Merritt I*, the court held that the district court lacked subject matter jurisdiction where Merritt complained of "the circumstances that gave rise to his suspension" and "the motivations and actions of those who allegedly engineered that suspension", because his *Bivens* claims were directed at the merits of a previous administrative adjudication. *Merritt I*, 187 F.3d at 272.

In *Accord Tur v. FAA*, 104 F.3d 290, 291–92 (9th Cir.1997), the Ninth Circuit Court of Appeals held that the district court lacked subject matter jurisdiction over plaintiff's *Bivens* claims. There, the plaintiff's *Bivens* claim was that he was deprived of his property interest in an airman's certificate as a result of the FAA's order revoking it. The court held that plaintiff's claim was directed at the merits of a previous adjudication, depriving the district court of jurisdiction.

■ In this case, plaintiffs complain of Alvarez's actions leading to the suspension of DAC's air carrier certificate. They further claim that the DAC was deprived of a property interest without due process of law as a result of the defendants' actions leading to the suspension of the air carrier certificate. (Docket No. 22, ¶¶ 39, 40, 45, 56, 57, 74)

In their motion for summary judgment, defendants argue that this court does not have subject matter jurisdiction over plaintiffs' Fifth and Fourteenth Amendments Due Process claims because they are "inescapably intertwined" with a review of FAA orders, a matter which is within the courts of appeals' exclusive jurisdiction. (Docket No. 34)

Having reviewed plaintiffs' complaint, it is clear that section 46110 precludes this court from considering their claims because the complaint goes directly to the merits of a previous adjudication by the FAA and the NTSB. *Accord Tur*, 104 F.3d at 290–92. To put it differently, plaintiffs only complain of the "circumstances that gave rise to [the] suspension" and "the motivations and actions of those who allegedly engineered that suspension", claims that are "inescapably intertwined" with a review of the order of the FAA suspending DAC's air carrier certificate. *See also Merritt I*, 187 F.3d at 272; *Foster v. Skinner*, 70 F.3d 1084, 1087 (9th Cir.1995); *Green v. Brantley*, 981 F.2d 514, 518 (11th Cir.1993); *Gaunce v. DeVincentis*, 708 F.2d 1290 (7th Cir.1983).

Diaz–Saldaña also complains of the actions and motivations of Alvarez and the FAA leading up to the suspension of DAC's air carrier certificate. For example, in his amended complaint, Diaz–Saldaña alleges that Alvarez sent a "letter that is full of inexactutudes [sic] and half truths, setting the scenario for a revocation of our certificate ..." (Docket No. 22, ¶ 27) He also claims that Alvarez's determination that DAC did not comply with the Chief Pilot requirements was wrong because DAC's assistant chief pilot met the FARs requirements. (*Id.*, ¶ 27) Moreover, he alleges that Alvarez attempted to intimidate his assistant chief pilot by telling him of the consequences of continuing to fly with Diaz–Saldaña's airline. (*Id.*, ¶ 28) Diaz–Saldaña's complaint continues this pattern; Diaz–Saldaña challenges the veracity of Alvarez's letters and claims that Alvarez acted intentionally in seeking to suspend his air carrier certificate, and that Alvarez and the FAA had a "hidden agenda" to remove small air carriers like him from the industry. (*Id.*, ¶¶ 28, 38, 40) Furthermore, he claims that after he removed a pilot, there was no basis for the Order of Suspension and therefore the FAA should have desisted from its order. (*Id.*, ¶ 70)

From all of these allegations it is altogether clear that Diaz–Saldaña complains about the "circumstances that gave rise to his suspension" and "the motivations and actions of those who allegedly engineered that suspension ..." *Merritt I,* 187 F.3d at 272, a matter that plaintiffs even admit.[2] Plaintiffs' claims are directed at the merits of a previous administrative adjudication. In paragraph 57 of the amended complaint plaintiffs state that "although the FAA in its Order alleges violations to Federal Avi-

ation Regulations, 14 CFR 135.341(a), 119.69(a)(2), 119.71(d), we in effect have violated none of those Regulations. Those allegations and this Order of suspension are precisely what this complaint is about." It is crystal clear that plaintiffs are seeking to obtain a new adjudication over the merits of the FAA's order of suspension and the ALJ's and NTSB's affirmances of that order. That is forbidden by section 46110. Consequently, this Court lacks subject matter jurisdiction to consider plaintiffs' claim.

Accordingly, defendants' Motion for Summary Judgment (Docket No. 34) is hereby **GRANTED.** Defendants' motion to dismiss (Docket No. 26) is **MOOT.** Plaintiffs' claims are **DISMISSED WITH PREJUDICE.** The pretrial conference scheduled for June 20, 2008 and the trial scheduled for July 8, 2008 are vacated. Judgment shall enter accordingly.

**IT IS SO ORDERED.**

---

**2.** Diaz–Saldaña appealed the FAA's Order of Suspension to the ALJ and the NTSB and is now seeking to circumvent the exclusive juris-

diction provision of section 46110 by bringing suit in the district court.