Judith **HERNANDEZ MORENO, Plaintiff,**

v.

Samuel **SERRANO MARRERO and ABC Insurance Company, Lourdes Cintron Rivera, Hector Luis Barreto Ortiz, Defendant.**

**Civ. No. 86–1691 HL.**

United States District Court, D. Puerto Rico.

Sept. 13, 1989.

Charles A. Cordero, Cordero, Colón & Miranda, Viejo San Juan, P.R., for plaintiff.

Jose M. Feliciano Valera, Puerto Rico Legal Services Corp., Bayamon, P.R., for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

This is a diversity action for recovery of damages suffered in an automobile accident. Plaintiff Judith Hernández Moreno's original complaint named as defendants Samuel Serrano and ABC Insurance Company, his unknown insurance carrier.[1] Plaintiff alleged in the original complaint that on November 7, 1985 while driving her vehicle she was struck by a Mercedes Benz owned and operated by Serrano. Subsequently, plaintiff amended the complaint to include two additional defendants, Lourdes Cintrón Rivera and Hector Luis Barreto Ortiz. She alleges that Cintrón appears as the registered owner of the Mercedes Benz and, as a result of her negligently lending the Mercedes Benz to Serrano, she is jointly and severally liable for plaintiff's injuries. Plaintiff alternatively alleges that Barreto purchased the Mercedes Benz and had it registered under the name of Cintrón. Cintrón has filed a cross claim against Serrano and Barreto in which she alleges that Barreto illegally and fraudulently forged her signature on the car registration. Presently pending, under this factual setting, is codefendant Barreto's motion to dismiss the amended complaint on the ground that it is time barred.

The statute of limitations in Puerto Rico for tort actions is one-year from the date of the victim's knowledge of the injury. Article 1868 of the Puerto Rico Civil Code, 31 L.P.R.A. sec. 5298; *Galarza v. Zagury*, 739 F.2d 20 (1st Cir.1984); *Ramirez–Pomales v. Becton Dickinson & Co.*, 649 F.Supp. 913 (D.C.P.R.1986), *aff'd. on other*

grounds, 839 F.2d 1 (1st Cir.1988); *Colon Prieto v. Geigel*, 115 D.P.R. 232 (1984); *Gonzalez v. Perez*, 57 D.P.R. 860, 57 P.R.R. 843 (1941). The accident allegedly occurred on November 7, 1985 and the original complaint against Serrano was filed on October 28, 1986, within one-year from the date of the accident. Thus, the original complaint was timely filed against Serrano. However, the amended complaint adding Cintron and Barreto as defendants was filed on August 7, 1987, after the expiration of the statute of limitations.

Barreto claims that plaintiff's action against him is time barred because the amended complaint was filed two years after the accident occurred. Barreto also contends that an amendment seeking to add a new party cannot relate back to the filing date of the original complaint under Fed.R.Civ.P. 15(c).

When jurisdiction is based on diversity of citizenship, a federal court will apply a state's substantive laws and federal procedure rules. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). However, when federal procedure rules have a direct substantive effect on state substantive rights, state procedural rules control. *Marshall v. Mulrenin*, 508 F.2d 39, 44 (1st Cir.1974); *Santiago v. Becton Dickinson, & Co., S.A.*, 539 F.Supp. 1149, 1153 (D.P.R. 1982). In this case, whether an amendment adding a new party relates back to the original complaint has direct impact on Puerto Rico's substantive law.

The Court must then look to Puerto Rico's relation back doctrine. Rule 13.3 of Puerto Rico's Civil Procedure Rules provides:

[w]henever the claim or defense asserted in the amended pleading arose out of the

---

1. Default has been entered against codefendant Serrano on both the complaint and cross claim filed by Cintrón. *See* Docket Nos. 16 and 34.

conduct, transaction or occurrence set forth in the original pleading, the amendments shall relate back to the date of the original pleading. An amendment changing the party against whom a claim is asserted shall relate back to the date of the original pleading if, after complying with the foregoing requirement and within the term provided for, the party brought through the amendment (1) knew of the pending cause of action so that he is not prejudiced in maintaining his defense on the merits, and (2) if it had not been for a mistake as to the identity of the person actually liable, the action would have been brought originally against him.

Rule 13.3 permits an amendment to the complaint to relate back to the original filing date if the defendant knew within the prescriptive period of the pending cause of action and if he was not sued originally as a result of plaintiff's error. This Puerto Rico rule is equivalent to Rule 15(c) of the Federal Rules of Civil Procedure.[2] Comment to P.R.Civ.Proc.R. 13.3; *Widow of Rivera v. Pueblo Supermarkets, Inc.*, 102 D.P.R. 134, 2 T.P.R. 172 (1974); *Febo Ortego v. Tribunal Superior*, 102 D.P.R. 405, 2 T.P.R. 506 (1974). *See also Serrano v. Collazo Torres*, 764 F.2d 47 (1st Cir.1985), *on remand*, 650 F.Supp. 722 (D.P.R.1986).

Generally, in federal court, an action is commenced with the filing of the complaint. Service may be performed within 120 days of the filing of the complaint. Fed.Civ.P. Rules 3 and 4(j). Hence, service need not be conducted prior to the expiration of the statute of limitations so long as the complaint is timely filed. Although Federal Rule 15(c) allows in certain circumstances an action against a subsequently

added party after the statute of limitation expires, the Supreme Court in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), found that Rule 15(c) does not include the 120 day rule for extension of time for service of the complaint. Consequently, if an amendment to add a party is to relate back to the date of the original complaint, the complaint must have been timely filed against the original defendants and service upon the original defendants *must* have taken place before the limitation period expires in order to impute notice of that action within the limitations period.

As in *Schiavone*, the original complaint was filed in the case at hand approximately ten days before the limitations period had expired. Plaintiff, however, had served process on Serrano after the expiration of the statute of limitation, but within the 120 days of the filing of the complaint. Thereafter, plaintiff amended the complaint to add Cintron and Barreto. If *Schiavone* was to be applied in this case, this Court would have to grant Barreto's motion to dismiss because he could not be imputed with notice of the action since Serrano, the original defendant, had not received notice of the action within the statute of limitations.

Although Puerto Rico's "relation back" rule is identical to the federal one, it cannot be assumed that this diversity action should be decided in accordance with *Schiavone* and Federal Rule 15(c). Our research has not disclosed a Puerto Rico case where the Commonwealth courts have applied *Schiavone's* holding that a delay between the filing of the action and service of the complaint bars an amended complaint adding a party.

**2.** Federal Rule 15(c) states:
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
Fed.R.Civ.P. 15(c).

■ However, this Court need not address the issue of whether Puerto Rico Civil Procedure Rule 13.3 notice requirements are subject to the same interpretation as its federal counterpart, because Barreto's motion to dismiss can be decided under the aegis of Puerto Rico substantive law. Under the Civil Code of Puerto Rico, limitation of actions are substantive rights rather than procedural matters. Febo Ortega, 2 T.P.R. at 509. Procedural rules cannot impair, expand or modify substantive laws. Art. V, Sec. 6, Constitution of the Commonwealth of Puerto Rico; Castro Amy, *La Interrupción de la Prescripción por Gestión Judicial*, 14 Rev.Jur. 801, 80 (1979–80); Practica Procesal Puertorriqueña Procedimiento Civil 8 (suppl.1981). The key code provision is Article 1874 which provides in relevant part:

> [i]nterruption of prescription of actions in joint obligations ["las obligaciones solidarias"] equally benefits or injures all the creditors or debtors.[3]

31 L.P.R.A. sec. 5304.

The Civil Code does not expressly address the problem of interruption of prescriptive period when a joint debtor is not sued originally in the complaint. Brau del Toro, Daños Y Perjuicios Extracontractuales en Puerto Rico 603 (1986) (hereinafter referred as "Brau del Toro"). Commentators agree, however, that Puerto Rico Civ.Proc. Rule 13.3 does not apply to amendments attempting to add new parties which have joint or *in solidum* obligations because joint debtors may always be brought into the action provided a complaint was timely filed against the other joint debtor pursuant to the doctrine of joint liability established in *Garcia v. Gobierno De La Capital*, 72 D.P.R. 138, 72 P.R.R. 133 (1951) and on the Spanish civil law tradition. Brau del Toro, *supra* at 629; Brau, *El Término prescriptivo y su Inter-*

*rupción en Acciones en Daños por responsabilidad Extracontractual Solidaria en el Derecho Puertorriqueno*, 44 Rev.Col. 203, 241 (1983); Practica Procesal, *supra* at 8; Castro Amy, *supra* at 809.

In Garcia, the plaintiff sued the Municipality of San Juan and its insurer, the Porto Rican & American Insurance Co., Inc. for injuries sustained in a car accident while plaintiff was a passenger. Plaintiff did not sue the driver nor the owner of the vehicle. Codefendants the Municipality of San Juan and Porto Rican & American Insurance Co. then moved to file a third party complaint against the owner of the automobile and his insurer. The third party complaint alleged that if the original defendants were found to be negligent as a result of the accident, the owner was also at fault because they are joint debtors. The third party defendants asked to dismiss the third party action on the basis that it was time barred. The Puerto Rico Supreme Court, citing Article 1874, found that the original action had been timely filed against the third party plaintiffs. The Court reasoned that the statute of limitations had been interrupted against the third party defendants because the third party plaintiff and third party defendants had joint obligations. *Id.* at 142. Thus, "[t]he actions instituted against any one of the joint debtors shall prejudice all of them." *Id.* at 142.

Commentators have stated that Rule 13.3 applies only to debtors that are not jointly liable. Under Article 1874 of the Civil Code, when debtors have joint obligations prescription may be tolled when the plaintiff timely sues any one of the joint debtors. In line with the foregoing, there is no need for the application of the relation back doctrine as provided in Rule 13.3. Brau del

---

**3.** The word "solidaria" is sometimes translated as "joint." This Court has stated that "[i]n the civil law, an obligation that is *'solidariat'* is one in which there is individual and collective responsibility among the debtors. (citation omitted) ... [and] the reader should be aware that obligations that are 'joint', 'several', and 'joint and several' under the Common Law are not exactly equivalent to the legal concepts of ... *'solidaria'* under the Civil Law (citation omitted)." *Federal Deposit Insurance Corp. v. Consolidated Mortgage & Finance Corporation, Inc.*, 691 F.Supp. 557 (D.P.R.1988).

**74**

Toro, *supra* at 599, 629–30; Castro Amy, *supra* at 812.

We now turn to the issue of whether an owner of a vehicle who allows another to drive his car is jointly liable with the driver of the car when that driver causes an automobile accident.

> [t]he owner of a motor vehicle shall be liable for damages and losses caused through guilt or negligence by operation of such vehicle by or under the physical and actual control of any person who, for the main purpose of operation it, or of possession thereof by express or tacit authorization of its owner. In any event it shall be assumed, unless otherwise proven, that any person operating or having in his possession or under his control a motor vehicle has obtained possession thereof with the authorization of its owner for the main purpose of operating it or having or allowing it to be operated by a third person.
>
> The person for whose negligence the owner of a vehicle is to answer under the provision of the preceding paragraph shall be bound to indemnify said owner.

9 L.P.R.A. sec. 1751.

The policy behind the statute is "to guarantee to any person the reparation of the damages caused by the culpable or negligent operation of a motor vehicle whenever the possession thereof was voluntarily delivered by the owner." *Cordero Santiago v. Lizardi Caballero,* 89 D.P.R. 148, 89 P.R.R. 150, 155 (1963) (citing House Judiciary Committee on H.B. 842, XIII Journal of Proceedings 1312–13 (1960)). Accordingly, an owner and a driver of a vehicle are jointly liable for the damages caused by the vehicle.[4] *See Rivera Otero v. Casco Sales Company, Inc.,* 115 D.P.R. 662 (1984).

Here, plaintiff's timely filing of the action against the driver Serrano tolled the statute of limitations against the owner of the Mercedes Benz—allegedly Cintrón or in the alternative Barreto.[5] The interruption of the statute of limitation equally prejudices co-defendant Serrano and Barreto pursuant to Article 1874 of the Civil Code, 31 L.P.R.A. sec. 5304. *See also* Garcia, 72 D.P.R. 138; Brau del Toro, *supra* at 599, 629–30; Castro Amy, *supra* at 812.

WHEREFORE, the motion to dismiss filed by codefendant Barreto is hereby DENIED. Accordingly, Barreto is hereby ORDERED to answer the amended complaint by September 30, 1989.

IT IS SO ORDERED.

---

4. The Louisiana Code classifies joint liability into two categories—"imperfect" and "perfect". Imperfect joint liability means "liability for the same debt arising out of different acts or at different times," and perfect joint liability is when "the debtors bind themselves to the performance of the same act the same time." *Castro Amy, supra* at 816 (citing *Jacobs v.. Williams,* 12 Ros. 183 (1845). Under the Louisiana Civil Code, those parties that must respond for damages caused by another party based on the principles of *respondeat superior* or vicarious liability are not necessarily considered joint debtors. The Courts in Louisiana have resolved that the Civil Code provision on interruption of the prescriptive period involving joint obligations are not applicable when liability is based on vicarious liability or imperfect liability. *Id.* at 815, n. 51 and the cases cited therein. In contrast, the Puerto Rico Civil Code and the Spanish Civil Code make no distinction among in solidum obligations based on *respondeat superior* liability (imperfect) or joint tortfeasor liability (perfect). *See Brau del Toro, supra* at 605–632, for a detailed discussion on joint liability and prescription in comparison with the various civil law jurisdictions and the Spanish tradition. *See also Castro Amy, supra* at 815.

5. We, at this time, intimate no views as to who is the legal owner of the Mercedes Benz. This is a triable issue. However, for the purpose of this motion the Court assumes that both are the owners of the vehicle in question. *See* affidavit of attorney Dario Rivera Carrasquillo (Docket No. 38). *See also Berrios Arroyo v. Tito Zambrana Auto, Inc.,* 89 J.T.S. 20 (Feb. 13, 1989).