Carmen **MOREL**, et al., Plaintiffs,

v.

**DAIMLER CHRYSLER AG,**
et al., Defendants.

Civil No. 05–2162 (FAB).

United States District Court,
D. Puerto Rico.

Jan. 10, 2008.

Antonio Gnocchi–Franco, Gnocchi–Franco Law Office, Diego A. Ramos, Roberto A. Camara–Fuertes, Fiddler, Gonzalez & Rodriguez, San Juan, PR, PHV Bertrand Leblanc, Carroll, Burdick and McDonough LLP, San Francisco, CA, PHV Robert M. Hanlon, Jr., Hanlon, Boglioni & Hanlon PC, Edison, NJ, for Defendants.

## OPINION AND ORDER

FRANCISCO A. BESOSA, District Judge.

This is a product liability action concerning a 1987 Mercedes–Benz 200SDL. (Docket No. 108, Defendant's Statement of Uncontested Material Facts "DSUMF", Exh. 1, ¶ 1) The incident alleged in the complaint occurred on **November 29, 2004.** (DSUMF, ¶ 2)

The Mercedes–Benz vehicle was parked, but began rolling for reasons that the parties dispute. (DSUMF, ¶ 3) Johnathan Roman Morel died on the day of the accident. (DSUMF, ¶ 4)

The adult plaintiffs in this case, Don Fernando Roman, Jose Roman and Carmen Morel, witnessed the accident and knew of Johnathan's death **on November 29, 2004.** (DSUMF, ¶¶ 3–5) After the incident, plaintiffs retained an attorney to explore what they believed was a connection between the Mercedes–Benz's design and Johnathan's death. (DSUMF, ¶ 6)

On November 4, 2005, Don Fernando Roman[1], Jose Roman, Carmen Morel, their son Jean Carlos Roman and the conjugal partnership Roman–Morel filed the complaint in this case. (Docket No. 1) The complaint only named Daimler–Chrysler, "an automobile company incorporated, op-

David C. Indiano–Vicic, Ada Sofia Esteves, Seth Erbe, Indiano & Williams, PSC, San Juan, PR, for Plaintiffs.

---

1. On September 28, 2007, the Court ordered the substitution of Don Fernando Roman's claims by plaintiffs Jose Roman and Carmen Morel. (Docket No. 167)

erated and with its principal place of business in Michigan or a state other than Puerto Rico", as a defendant. (Docket No. 1, p. 2; DSUMF, ¶ 7 and plaintiffs' Opposing Statement of Contested Facts (POS), Docket No. 125, Exh. 1, ¶ 7)

Plaintiffs then served Daimler–Chrysler in Auburn Hills, Michigan on December 12, 2005. (DSUMF, ¶ 8 and Docket No. 4, p. 2) Daimler–Chrysler Corporation (DCC)[2], however, has never designed or manufactured Daimler–Benz or Mercedes–Benz vehicles. (DSUMF, ¶ 9)

Rather, the car here at issue was manufactured in late 1986 in Stuttgart, Germany, by Daimler–Benz AG. (DSUMF, ¶ 10) This fact is displayed on a plate affixed to the car. (DSUMF, ¶ 11)

Plaintiff Don Fernando Roman had owned and operated the car for over three (3) years before the action was filed, and knew where the manufacturer's plate was on the car. (DSUMF, ¶ 12) In addition, plaintiffs' counsel inspected the car on September 23, 2005, two and one-half (2½) months before the statute of limitations would elapse. (DSUMF, ¶ 13)

DCAG, a German *Aktiengesellschaft* (or public stock company), is the successor corporation to Daimler–Benz AG. DCAG was formed following a 1998 business combination agreement between Daimler–Benz AG and Chrysler Corporation, and its business is the business formerly conducted by Daimler–Benz AG. (DSUMF, ¶ 14)

Pursuant to the agreement, Chrysler Corporation changed its name to Daimler-Chrysler Corporation ("DCC"), but its legal existence was otherwise unaffected. DaimlerChrysler Corporation today, as was the case with Chrysler Corporation before 1998, has its principal place of business in Michigan. It manufactures Dodge, Jeep, and Chrysler vehicles. (DSUMF, ¶ 15)

On February 9, 2006, DCC filed a Motion for Summary Judgment alleging that it was a Delaware corporation that "is not, and has never been involved in the design, manufacture, distribution or sale of any Mercedes–Benz passenger vehicle." (Docket No. 9, p. 3) DCC attached to its motion an affidavit of Louann Van Der Wiele, Assistant General Counsel for DCC, as Exhibit 1. The affidavit further explained that DCC is a wholly owned subsidiary of DaimlerChrysler Motors Company, LLC, a wholly owned subsidiary of DaimlerChrysler North America Holding Corporation. As such, it is a "separate and distinct corporate entity from DaimlerChrysler AG". *Id.*, Exh. 2, p. 3.

On February 16, 2006, plaintiffs amended the complaint and named DCAG as defendant and DCC's Motion for Summary Judgment was denied as moot. (DSUMF, ¶ 19 and Docket Nos. 12, p. 2, ¶ 8 and 26)

On March 6, 2006, DCAG received a copy of the Amended Complaint via Federal Express from counsel for plaintiffs. (POS, ¶ 2)

On March 23, 2006, DCAG was formally served under the Hague Convention. (POS, ¶ 2 and Docket No. 27)

Plaintiff Jose Roman is a Drug Enforcement Agency (DEA) agent who has received on-the-job Internet training and is familiar with Internet search engines, and has testified in numerous court proceedings. (DSUMF, ¶ 17) He located plaintiffs' counsel for this lawsuit by using the Google search engine. (DSUMF, ¶ 18)

On June 6, 2007, DCAG filed a Motion for Partial Summary Judgment requesting the dismissal of Fernando Roman's, Jose

---

**2.** As expressed by DCC through its first appearance requesting an extension of time to plead, it was "erroneously designated in the complaint as Daimler–Chrysler".

Roman's and Carmen Morel's claims ("the adult plaintiffs"). (Docket No. 108) DCAG argues that their claims are time-barred because they sued and served the proper defendant in this case after the one-year statute of limitations for tort actions set forth in article 1868 of the Civil Code had run. P.R. Laws Ann. tit. 31 § 5298. It further alleges that plaintiffs cannot show they exerted reasonable efforts to identify the proper defendant timely, although they "had ample time and tools to [identify it] before the prescriptive period expired." (*Id.*, p. 6)

On June 25, 2007, plaintiffs opposed defendant's request. (Docket No. 125) defendant then filed a reply on July 11, 2007 and plaintiffs a sur-reply on July 17, 2007. (Docket Nos. 132 and 136)

### A. SUMMARY JUDGMENT STANDARD

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *See also, Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir.2000); *Morales, et al. v. St. Luke's Episcopal Hospital, et al.*, 328 F.Supp.2d 192, 195–196 (D.P.R.2004). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion for summary judgment has been presented, the opposing party has the burden of dem-

onstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994). In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). The court may safely ignore, however, "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

### B. DCAG'S MOTION FOR SUMMARY JUDGMENT

■ The Civil Code of Puerto Rico provides that the statute of limitations on actions for obligations arising from fault or negligence runs for one year from the

moment the aggrieved person has knowledge of the injury and who caused it. P.R. Laws Ann. tit. 31 § 5298. *See also Espada v. Lugo,* 312 F.3d 1, 5 (1st Cir.2002); *Morales v. St. Luke's Episcopal Hospital,* 328 F.Supp.2d 192, 200 (D.P.R.2004). This does not require actual knowledge; it is enough that the would-be plaintiff have notice that would have led a reasonable person to investigate and so uncover the needed information. *Colon Prieto v. Geigel,* 115 D.P.R. 232, 247 (1984); *Arturet–Velez v. R.J. Reynolds Tobacco, Co.,* 429 F.3d 10, 14 (1st Cir.2005) (*citing, Rodriguez–Suris v. Montesinos,* 123 F.3d 10, 14–17 (1st Cir.1997) and *Villarini–Garcia v. Hosp. del Maestro, Inc.,* 8 F.3d 81, 84 (1st Cir.1993))

■ Although prescription is an affirmative defense, once it has been raised, the burden of proving that prescription has been interrupted shifts to the plaintiff. *Tokyo Marine and Fire Ins. Co., Ltd. v. Perez & Cia.,* 142 F.3d 1, 4 (1st Cir.1998) In other words, when an action is filed more than a year after the injury takes place, plaintiff carries the burden of proving that he lacked the required "knowledge" within the statutory period. *See Fragoso v. Lopez,* 991 F.2d 878, 886–887 (1st Cir.1993); *Hodge v. Parke Davis & Co.,* 833 F.2d 6, 7–8 (1st Cir.1987). If this burden is not met, the statute of limitations will then start to run from the day of the injury regardless of whether or not there is actual knowledge. *Colon Prieto,* 115 D.P.R. at 244; *Hodge,* 833 F.2d at 8.

It is uncontested that the incident alleged in the complaint occurred on **November 29, 2004** and that plaintiffs knew about Jonathan Roman's death also on **November 29, 2004.** The original complaint naming DCC as a defendant was filed on **November 4, 2004,** that is, within one year from the date of the alleged accident.

Once they knew that DCC was "unrelated to the design, manufacturing, distribution, marketing, and sale of the car and model at issue", plaintiffs amended their complaint and specifically named DCAG as a defendant on **February 16, 2006.** (Docket Nos. 12 and 13, p. 2) That is, the amended complaint naming the correct defendant was filed almost three (3) months after the prescriptive period had elapsed.

In their opposition, the adult plaintiffs acknowledge that the Amended Complaint was filed after the one year statute of limitations. (Docket No. 125, p. 3) Incomprehensible as it may seem, they do not claim they lacked the required "knowledge" of who the correct defendant was; they do not explain their efforts to discover its identity; and they do not provide a reason for their failure to identify DCAG (the successor to the car's manufacturer) or name it as a defendant within the statutory period.[3] Instead, they rely on the "relation back" provisions of Federal Rule of Civil Procedure 15(c)(3) to argue that, although filed after the one-year statute of limitations had expired, their amended complaint against DCAG relates back to the filing of their original complaint on November 4, 2005.

As the Court will explain below, plaintiffs' seems to ignore that when a procedural rule has a direct substantive effect on state substantive rights, like the Puerto Rico statute of limitations, state procedural rules control. Therefore, the provisions of Federal Rule 15(c)(3), are inapplicable

---

3. In addition, plaintiffs allege that they "were interested in serving Daimler–Chrysler (the manufacturer of the vehicle)" and, when DCC appeared in the case "[r]ather than dispute service of 'Daimler–Chrysler,' [they] opted to clarify the identity of the party being sued, and filed an Amended Complaint on February 16, 2006 which changed 'Daimler–Chrysler' to 'DaimlerChrysler AG'." (Docket No. 125, p. 2)

and the adult plaintiffs' claims should be dismissed **WITH PREJUDICE** as time-barred.

### i. *Federal Rule 15(c) and the Puerto Rico statute of limitation*

 When jurisdiction is based on diversity of citizenship, a federal court will apply state substantive law and federal procedure rules. *Hoyos v. Telecorp Communications, Inc.*, 488 F.3d 1, 5 (1st Cir. 2007) (*citing Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 92, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). *See also Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) When federal procedural rules have a direct substantive effect on substantive rights, however, state procedural rules control. *Marshall v. Mulrenin*, 508 F.2d 39, 44 (1st Cir.1974); *Ocasio Ortiz v. Betancourt Lebron*, 146 F.R.D. 34, 39 (D.P.R.1992) ("In diversity cases, the question of whether an amendment seeking to substitute a party relates back to the date of the original complaint has been deemed to have a direct impact on Puerto Rico's substantive law and is therefore governed by Puerto Rico's relation back doctrine.") (*citing Hernandez Moreno v. Serrano Marrero*, 719 F.Supp. 70, 71 (D.P.R.1989); *Santiago v. Becton Dickinson & Co., S.A.*, 539 F.Supp. 1149, 1153 (D.P.R.1982); *Santiago–Rivera v. Royal Ins. Co. of Puerto Rico*, 613 F.Supp. 121 (D.P.R.1985), *aff'd without op., Santiago–Rivera v. Royal Ins. Co.*, 782 F.2d 1025 (1st Cir.1985), *e.g., Ortiz Diaz v. R & R Motors Sales Corp.*, 131 D.P.R. 829 (1992))

The Puerto Rico Supreme Court has consistently held that "... in Puerto Rico, prescription [statute of limitations] is a **substantive right** and entails the dismissal of any action filed outside the term provided therefor." *Rivera v. Mun. de San Juan*, 2007 T.S.P.R. 19 (February 2, 2007)(official translation)(emphasis added); *Vera v. Dr. Bravo*, 2004 T.S.P.R. 30; *Nazario v. E.L.A.*, 159 D.P.R. 799, 805 (2003); *Maldonado v. Russe*, 153 D.P.R. 342, 347 (2001).[4]

In this case, the adults plaintiffs insist that the Court must apply Federal Rule 15(c)(3) to this case because the Court in *Hernandez* and *Ocasio* failed to take into consideration the full context of the United States Supreme Court's decision in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). They further argue that in *Schiavone* the United States Supreme Court applied the federal relation back doctrine of Federal Rule 15(c) in a diversity case to determine a statute of limitations dispute. (Docket No. 136) The Court believes Plaintiffs' reading of *Schiavone* is not only superficial, but erroneous.

In *Schiavone*, the plaintiffs originally named "Fortune, Inc." as a defendant in a libel suit arising from a story in Fortune magazine. Upon learning that Fortune was merely a trademark of Time, Inc., the plaintiff sought to amend the complaint to add Time, Inc. as a defendant after the statute of limitations had run. The district court, the United States Court of Appeals for the Third Circuit and the Supreme Court all agreed with Time, Inc. that Rule 15(c) precluded a post-limitations period

---

**4.** *See also Erie v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Daigle v. Maine Medical Center, Inc.*, 14 F.3d 684, 689 (1st Cir.1994); *Fragoso v. Lopez*, 991 F.2d 878, 886 (1st Cir.1993); *Cintron–Rivera v. Borders Group, Inc.*, Civil No. 05–1956(FAB), 2006 WL 5691942, pp. 5–6 (D.P.R. November 26, 2006); *Bado–Santana v. Ford Motor Company*, 283 F.Supp.2d 520, 526 (D.P.R.2003) (In diversity tort actions the statute of limitations is **substantive law,** therefore, Puerto Rico law controls the inquiry as to whether the complaint is time-barred.)

substitution of parties and established the four factors that must be satisfied for an amendment to relate back under Rule 15(c). The Court in *Schiavone,* however, did not address the issue of whether the provisions of Federal Rule 15(c)(3) apply to a diversity case where a federal procedural provision would have the effect of modifying a state substantive law provision, like Puerto Rico's statute of limitations. That question was later answered by this Court in *Hernandez* and *Ocasio.* In both cases this Court specifically considered *Schiavone's* holding and concluded that when federal procedural rules have a direct effect on state substantive rights, state procedural rules control. *See Hernandez,* 719 F.Supp. at 72; *Ocasio,* 146 F.R.D. at 37. *See also, Marshall v. Mulrenin,* 508 F.2d 39, 44 (1st Cir.1974) (". . . a [federal] rule is not to be applied to the extent, if any, that it would defeat rights arising from state substantive law as distinguished from state procedure.")

As correctly stated by DCAG, the contrary result would have the effect of using a federal procedural rule to modify a state substantive provision. Therefore, the Court will determine whether plaintiffs' claims against DCAG are time-barred applying Puerto Rico's "relation back" rule.[5]

Rule 13.3 of the Puerto Rico Rules of Civil Procedure provides that:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading, the amendments shall relate back to the

date of the original pleading. An amendment changing the party against whom a claim is asserted shall relate back to the date of the original pleading if, after complying with the foregoing requirement **and within the term provided for**[6], the party brought through the amendment:

(1) Knew of the pending cause of action so that he is not prejudiced in maintaining his defense on the merits, and

(2) if it had not been for a mistake as to the identity of the person actually liable, the action would have been brought originally against him.

P.R. Laws Ann. tit. 32, Ap. III, R. 13.3. (Emphasis added)

The text of Rule 13.3 is identical to the former version of Federal Rule 15(c)(3). It permits an amendment to the complaint to relate back to the original filing date if the defendant knew of the pending cause of action within the prescriptive period and if he was not sued originally as a result of plaintiff's error. Cuevas Segarra, Jose A.; *Practica Procesal Puertorriqueña,* Vol. II– Procedimiento Civil, pp. 79–81 (1979).

In *Schiavone,* while interpreting the former version of Federal Rule 15(c)(3), the United States Supreme Court held that if an amendment to add a party is to relate back to the date of the original complaint, the complaint must have been timely filed against the **original** defendants and service upon the **original** defendants must have taken place before the limitation peri-

---

**5.** Plaintiffs also cite *Freund v. Fleetwood Enterprises, Inc.,* 956 F.2d 354 (1st Cir.1992) to support their contention. In essence, they argue that in *Freund* the First Circuit Court of Appeals held that Rule 15(c) specifically permits "relation back" of an amendment in order to "cure" a "wrong name problem". As the Court will explain later, *Freund* is

simply inapplicable to this case. This is clearly not the case where a plaintiff amended the complaint to "cure" a "wrong name problem". Instead, the complaint in this case was amended to **include a different defendant.** *See infra,* p. 247.

**6.** In Spanish, "y dentro del termino prescriptivo".

od expires in order to impute notice of that action within the limitations period. *Id.,* at 30. Although Puerto Rico's "relation back" rule is identical to the former version of Federal Rule 15(c) interpreted in *Schiavone,* the Court cannot assume that the Commonwealth Courts will apply *Schiavone*'s holding, especially, because the Puerto Rico Supreme Court has held that it is the "institution of an action before the courts" not the service of process, that tolls the one-year statute of limitations. *See e.g. Moa v. E.L.A.,* 100 D.P.R. 573 (1972); *see also* art. 1873, P.R. Laws Ann. tit. 31 § 5303.

■ The Court, however, does not need to address the issue of whether Puerto Rico Rule 13.3's requirement is subject to the same interpretation as Federal Rule 15(c), because the result under both interpretations will be the same: the adult plaintiffs' claims are time-barred as a matter of law.

In this case, the statute of limitations expired on November 29, 2005. The original complaint naming only DCC as a defendant was filed on November 4, 2005 and it was later amended to add DCAG as a defendant on February 16, 2006.

Under Puerto Rico's Rule 13.3 for plaintiffs' amended complaint to relate back to the date of the original filing, DCAG had to know about the pending cause of action on or before **November 29, 2005.** Plaintiffs have not made that showing.[7] Under *Schiavone*'s interpretation, the entity originally sued (DCC) had to be served with process before **November 29, 2005.** It was not. It is uncontested that DCC was served with summons on **December 12, 2005.** Consequently, the amended complaint does not relate back and the adult plaintiffs' claims are time-barred.

In a desperate attempt to avoid the dismissal of their claims, the adult plaintiffs allege that the amended complaint, by which DCAG was included as a defendant, is not an actual "change" of parties but only "an inconsequential pleading error"; nothing more than a "misnomer". (Docket No. 136) They further argue, citing Wright & Miller, that "when an amendment merely involves correcting a misnomer and does not entail the actual 'changing' of the parties, it should be allowed as a matter of course ..." Sadly for the adult plaintiffs, this is not the case here. It is uncontested that, rather than substituting DCAG for DCC, plaintiffs sued a new and entirely distinct corporate entity in the amended complaint.

Furthermore, when plaintiffs first knew they sued the wrong defendant, they never argued it was a mere "misnomer". For instance, in their "Informative motion on filing of amended complaint and mootness of summary judgment motion" they expressed to have "no interest in pursuing claims against DaimlerChrysler Corporation if in fact the corporation is wholly unrelated to the design, manufacturing, distribution, marketing, and sale of the case and model at issue." (Docket No. 13, p. 2)

Consequently, DCAG' Motion for Partial Summary Judgment (Docket No. 108) is **GRANTED.** The adult plaintiffs' claims are **DISMISSED WITH PREJUDICE.** Partial Judgment shall enter accordingly.

**IT IS SO ORDERED.**

---

**7.** It is uncontested that DCAG received a copy of the Amended Complaint via Federal Express from counsel for Plaintiffs on March 6, 2006, and was formally served under the Hague Convention on March 23, 2006.